IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDAL GORDON ET AL. | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 20-2688 |
| BECHTEL CORPORATION, ET AL. | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                                   **MARCH 3, 2021**

Presently before the Court are Defendant Siemens Energy, Inc.'s ("Siemens") Motion to Transfer Venue (ECF No. 20) and Defendants Bechtel Corporation, Bechtel Power Corporation, Bechtel Infrastructure and Power Construction Services, Inc., Matthew Tanner, Panda Hummel Station LLC, Panda Hummel Station O&M LLC, Panda Power Generation Infrastructure Fund, LLC, Panda Power Generation Infrastructure Fund A, LP and Panda Power Fund II B, LP's (collectively, "Bechtel-Panda Defendants") Motion to Join Siemens' Motion (ECF No. 21).

For the following reasons, the Motion to Transfer Venue will be denied.

**I.    BACKGROUND**

Plaintiffs Randal Gordon and Nicole Bobb filed this negligence action in the Court of Common Pleas of Philadelphia County. (Compl., Notice of Removal Ex. A; ECF No. 1.) Plaintiffs allege that Plaintiff Gordon was working as a journeyman millwright at the Panda Hummel Station Project when he suffered an injury to his arm due to a missing "eye bolt," a safety device for moving equipment. (Compl. ¶¶ 23-27.) Plaintiffs allege that all Defendants failed to maintain safe working conditions. (*Id*. ¶ 28.)

The Bechtel-Panda Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441 based on diversity of citizenship. (Notice of Removal; ECF No.

1.) Siemens now seeks transfer of this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404. (ECF No. 20.)

## II.     LEGAL STANDARD

The federal change-of-venue statute, 28 U.S.C. § 1404, instructs that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

In deciding petitions under section 1404(a), the Third Circuit in *Jumara* considered the three factors outlined in the statute: (1) consideration of parties, (2) convenience of witnesses, and (3) interests of justice. *Id*. at 879. Courts should also "'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Id*. (quoting 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3847 (2d ed. 1986)). Courts should consider the following public and private interests in deciding whether venue transfer is appropriate:

> (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) public interest factors, such as congestion of court dockets and the relationship of the jury and the community.

*Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 458 (E.D. Pa. 2013) (citing *Jumara*, 55 F.3d at 879-80).

District courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara*, 55 F.3d at 883 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)).  However, "[t]he burden of establishing the need for transfer . . . rests with the movant." *Id*. at 879; *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001).  In addition, "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879; *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("[A] plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request."); *Weinstein v. Friedman*, 859 F. Supp. 786, 788 (E.D. Pa. 1994) ("In assessing a transfer motion . . . the court should hold defendants to establishing a strong preponderance in favor of transfer." (citations omitted)).

**III.   DISCUSSION**

Here, the Eastern District of Pennsylvania is an appropriate and convenient forum.  Even though the incident occurred in the Middle District of Pennsylvania where Plaintiffs reside, Plaintiffs selected Philadelphia as their choice forum.  We find no reason to disturb Plaintiffs' selection.

Defendants' argument for transfer focuses on where the accident occurred.  Plaintiffs allege that Plaintiff Gordon sustained an injury while replacing a piece of equipment at the Panda Hummel Station Project, an energy plant located in Snyder County, Pennsylvania (Middle District).  Defendants have failed to show what, if anything, about the physical site is material to the case.  According to Plaintiffs, the physical location of the injury is meaningless because the issue centers on the piece of machinery itself and the way it was constructed.  Given Plaintiff's concession that there is nothing about the physical site that contributed to Plaintiff Gordon's injury, the place where the claim arose weighs neither for nor against transfer.

Next, it does not appear that any witnesses or records are exclusive to the Middle District. For example, Plaintiffs submit that there are only two fact witnesses who can testify to the accident, one of whom is a Defendant. (ECF No. 22 at 11.) Nothing in the record indicates that those individuals will be unable to physically appear in the Eastern District for a trial, if necessary. With regard to expert witnesses, nothing in the record suggests that those individuals are confined to the Middle District, or that any prospective expert is geographically closer. Finally, there is no indication that any records, such as Plaintiff Gordon's medical records, would not be available in electronic form and, as such, accessible to the parties outside of the Middle District.

Venue within the Eastern District is equally as convenient, if not more so, for the Defendants and their counsel. Siemens is incorporated in the state of Delaware and has its principal place of business in Orlando, Florida. (Compl. ¶ 36.) Defendants Bechtel Corporation and Bechtel Infrastructure and Power Construction Services, Inc. are also incorporated in the state of Delaware. (Defendants Bechtel Corporation, Bechtel Power Corporation, Bechtel Infrastructure and Power Construction Services, Inc., Mathew Tanner Answer ¶¶ 2,4; ECF No. 8.) Their principal places of business are located in Reston, Virginia. (*Id*.) Defendant Bechtel Power Corporation is incorporated in the state of Nevada and its principal place of business is also located in Reston, Virginia. (*Id*. ¶ 3.) Defendant Panda Hummel Station LLC is incorporated in the state of Pennsylvania and describes itself as an entity that "consists of approximately fifteen separate entities, including other limited liability companies, limited partnerships, and two Delaware corporations." (Panda Defendants' Consent to Removal, Notice of Removal Ex. H; ECF No. 1.) According to Bechtel-Panda Defendants, none of these entities are based in Pennsylvania and the two Delaware corporations have a principal place of business

located in Dallas, Texas. (*Id.*)  Defendant Panda Hummel Station O&M LLC is a limited liability company formed in the state of Delaware.  (Defendants Panda Hummel Station LLC, Panda Hummel Station O&M LLC, Panda Power Generation Infrastructure Fund, LLC, Panda Power Generation Infrastructure Fund A, LL, and Panda Power Fund II B, LP Answer ¶ 9; ECF No. 14.)  Defendant Panda Power Generation Infrastructure Fund, LLC is a limited liability company incorporated in the state of Delaware, with a business address in Dallas, Texas.  (*Id.* ¶ 10.)  Defendant Panda Power Generation Infrastructure Fund A, LP and Defendant Panda Power Fund II B, LP are limited partnerships formed under the laws of Delaware, with business addresses in Dallas, Texas.  (*Id.* ¶¶ 11, 12.)  Given the corporate Defendants' states of incorporation and principal places of business, the difference in convenience, if any, between the Eastern District and Middle District of Pennsylvania is negligible.  Defendant Matthew Tanner, however, resides in Connecticut, which is geographically closer to the Eastern District of Pennsylvania and therefore more convenient for him.

    All counsel representing the Defendants are based in the Eastern District.  Bechtel-Panda Defendants' counsel is based in Philadelphia, Pennsylvania, and Siemen's counsel is based in Radnor, Pennsylvania.  Bechtel-Panda Defendants' counsel also represent Defendant Matthew Tanner.  Plaintiffs' counsel is based in the Middle District (Williamsport, Pennsylvania), but they indicate that they have staff who work exclusively in the Eastern District, as well as a partner who splits time between the two locations.

    Most critically, Plaintiffs elected to bring this action in Philadelphia, as evidenced by their decision to file the Complaint in the Court of Common Pleas of Philadelphia County.

    The remaining public factors are neutral.  The two fora are neighbors in Pennsylvania.  There is no risk of an enforcement problem.  There is no distinct public interest in resolving the

claims in either district. There is no policy preference between the two districts. There is no significant difference between the number of active cases in the two districts. The judges in both districts are familiar with Pennsylvania law. Therefore, without additional weight in favor of transfer or against transfer, the balance of the competing interests leans in favor of the present forum.

## IV. CONCLUSION

The Eastern District of Pennsylvania is a convenient forum for the parties, the evidence, and the witnesses, and Plaintiffs originally elected to file this matter in Philadelphia. Accordingly, Defendants' Motion to Transfer Venue to the Middle District of Pennsylvania will be denied.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**